PETTIGREW, J.
| ¡Appellant, J.G., seeks review of the trial court’s judgment terminating his parental rights as to the minor child, S.G., based on abandonment. The sole issue for our review is whether the failure by the State of Louisiana, Department of Social Services, Office of Community Services (“State”), to comply with the express language of La. Ch.Code art. 1036.2 prohibited the State from terminating J.G.’s parental rights during his term of incarceration. For the reasons that follow, we affirm.
According to the record, S.G. was originally taken into custody by the State on March 23, 2006, and was adjudicated a child in need of care on June 28, 2006. *353 J.G., who was incarcerated at the time, received written notice from the State via certified mail on August 80, 2006, that S.G. had been taken into custody and that his parental rights may be terminated unless he took certain steps as outlined in the notice. J.G. acknowledged receipt of same on September 18, 2006. A petition for termination of parental rights was subsequently filed on February 2, 2010, based on allegations that J.G. had failed to provide significant contributions to S.G.’s care and support for six consecutive months and had failed to maintain significant contact with S.G. for six consecutive months.
The matter proceeded to a hearing on April 15, 2010, at which time the trial court heard testimony from various witnesses including J.G. After considering the testimony and evidence in the record, the trial court found that J.G. had abandoned S.G. pursuant to La. Ch.Code art. 1015(4) for a period in excess of six consecutive months; that J.G. failed to provide significant financial contributions for S.G.’s care and support; and that J.G. failed to have significant contact with S.G. The trial court ruled that the State had proven by clear and convincing evidence that J.G. failed to comply with the court-approved case plan and that his parental rights should be terminated pursuant to La. Ch.Code art. 1015(5). The trial court further found that J.G. had received actual notice of the child in need of care proceedings and his rights as evidenced by the “OCS FORM TPR-2” signed by J.G. Based on this notice, the trial court concluded that J.G. was not prejudiced by the lack of strict compliance with Article 1036.2. The trial court signed a judgment ^terminating J.G.’s parental rights and freeing S.G. for adoption on June 15, 2010. This appeal by J.G. followed.
On appeal, J.G. argues that the evidence presented at the hearing below clearly established that the State did not comply with the provisions of Article 1086.2. Thus, J.G. maintains, the State’s petition to terminate his parental rights should have been denied. In response, the State argues that Article 1036.2, added to the Children’s Code by 2006 La. Acts, No. 272, § 1 and signed into law on June 8, 2006, became effective on August 15, 2006, and thus does not apply to the facts of this case because S.G. was taken into custody by the State on March 23, 2006.
Louisiana Civil Code article 6 provides that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively” and that “[procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” Substantive laws either establish new rules, rights, and duties or change existing ones. Procedural laws, on the other hand, describe methods for enforcing, processing, administering, or determining rights, liabilities, or status. Davis v. St. Francisville Country Manor, LLC, 2005-0072, p. 9 (La.App. 1 Cir. 2/10/06), 928 So.2d 549, 555, writs denied, 2006-0604 (La.5/26/06), 930 So.2d 25 and 2007-0481 (La.4/27/07/), 955 So.2d 699.
Article 1036.2 provides as follows:
A. An incarcerated parent of a child in the custody of the department shall provide a reasonable plan for the appropriate care of his child other than foster care. Failure by the incarcerated parent to provide an appropriate plan may result in an action to terminate his parental rights.
B. Within thirty days of notification that a parent of a child in foster care is incarcerated in this state, a representative of the department shall visit the incarcerated parent and give written notification to the incarcerated parent of his duty to provide a reasonable plan *354 for the appropriate care of the child. The department, at that time, shall obtain information regarding the plan, including the names, addresses, cellular numbers, telephone numbers, and other contact information of every potential suitable alternative caregiver.
C. The incarcerated parent shall provide the department with the required information in writing within sixty days of receipt of the notification form. During that period, a parent may submit additional information or names of other caregivers using the form attached to the |4notice. The department shall provide the parent with a stamped, self-addressed envelope for this purpose. No additional caregiver names will be accepted after the expiration of the sixty-day period, as evidenced by a postmark.
D. The department shall conduct an assessment of the persons named as caregivers by the incarcerated parent and shall notify the parent within ten days of completion of the assessment whether the persons named are willing and able to offer a wholesome and stable environment for the child.
E. The notification form given to the incarcerated parent shall be substantially as follows:
NOTICE OF DUTY TO PROVIDE A REASONABLE PLAN FOR THE APPROPRIATE CARE OF YOUR CHILD AND TERMINATION OF PARENTAL RIGHTS LAW
NOTICE TO PARENT: YOUR CHILD(REN),_HAS/HAVE BEEN PLACED IN THE CUSTODY OF THE LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES BY ORDER OF THE _ Parish juvenile court _on_
PLEASE BE ADVISED OF THE FOLLOWING:
Louisiana law provides that you may name a person who is willing and able to serve as the custodian of your children) and to offer a wholesome and stable environment for your child(ren). Failure to furnish a reasonable plan for the appropriate care of your child(ren) may result in the termination of your parental rights.
Please refer to Louisiana Children’s Code, Title X, Articles 1001 to 1043, especially Articles 1015(6) and 1036(E), for the details of Louisiana law regarding the termination of parental rights. A copy of the law is attached to this notice.
You are hereby notified that Louisiana law requires that you provide a reasonable plan for the appropriate care of your child(ren), other than continued foster care, within sixty (60) days of your receipt of this notice, which date is _Your plan shall include the names, addresses, cellular numbers, telephone numbers, and other contact information of every suitable alternative caregiver. You may provide additional information by filling out this form and mailing it in the stamped, self-addressed envelope given to you by the department before_If you fail or refuse to do so, you may lose all rights to your child(ren). Your plan will be examined to determine if it is reasonable and appropriate. Please provide your plan in detail no later than _to the following person:
NAME: _
ADDRESS: _
CITY/STATE/ZIP: _
TELEPHONE: _
NOTE: IF YOU HAVE ANY QUESTIONS OR NEED ANY ASSISTANCE, CONTACT THE ABOVE *355 PERSON OR YOUR ATTORNEY IMMEDIATELY.
|sCopy of the law, La. Ch.C. Arts. 1001-1043, Attached. PLEASE READ.
I, _, hereby certify that a copy of this notice with La. Ch.C. Arts. 1001-1043 attached, was delivered to _ on_by personal delivery at the following location
DATE:
Signature of caseworker
I, _, have received a copy of this notice, together with the attached laws (La.Ch.C.Arts.1001-1043), and acknowledge that I understand fully that my rights may be terminated and my child(ren) adopted by others if I do not provide a reasonable plan of appropriate care while I am incarcerated, other than continued foster care, within sixty (60) days of my receipt of this notice on
Signature of parent
Witness: _
Date: _
We agree with the State that Article 1036.2 does not apply to the facts of this case. In March 2006, when S.G. was taken into custody, the notice requirements and specific duties set forth in Article 1036.2 as they apply to the State were not yet in effect. Article 1036.2 is clearly a substantive law that established new rules and duties with regard to the State’s obligations to an incarcerated parent of a child in the State’s custody. Thus, it can only be applied prospectively and not to the instant case. J.G.’s argument to the contrary is without merit.
We have thoroughly reviewed the record in this matter and the lengthy history leading up to the State’s petition for termination of J.G.’s parental rights. The record clearly and convincingly demonstrates that it was in the best interest of S.G. that J.G.’s parental rights be terminated and she be cleared for adoption. The trial court’s conclusion is supported by the evidence and, therefore, not manifestly erroneous.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs associated with this appeal are assessed against appellant, J.G. We issue this memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B.
AFFIRMED.